

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
**EASTERN DIVISION**

**F I L E D**

Page 1 of 4
4/9/2008

APR 0 9 2008 TC

Apr 9, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **FLOYD SHEPHERD,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 08-cv-622** |
| | ) | |
| **HOMECOMINGS FINANCIAL (GMAC))** | | **Judge Gottschal** |
| Defendants. | ) | **Magistrate Judge Brown** |

**NOTICE OF** Filing

**PLAINTIFF FLOYD SHEPHERD MOTION TO STRIKE ALL PLEADINGS BY ATTORNEYS LACKING CREDENTIALS, AND LACKING JURISDICTION,**

Plaintiff Floyd Shepherd moves the court to strike Homecomings Financial motion from the record. And any further motions unless proper credentials are received and jurisdiction has been established. Plaintiff received motion from defendant Homecomings financial to enlarge time to answer or otherwise plea.

Plaintiff Floyd Shepherd received motion from defendant on April 2nd, 2008. The item was postmarked March 31st, 2008. Several items need to be addressed: 1. The motion did not give plaintiff the proper time to make a special appearance. 2. The motion did not have a proper signature by defendant. 3. Defendant states Homecomings Financial, LLC was incorrectly sued as Homecomings Financial GMAC. 4. Defendant has not established jurisdiction.

1. There was a hearing on April 2nd, 2008 which plaintiff missed because of improper time allowed. According to FRCP Rule 6c, plaintiff is allowed a 5-day notice prior to hearing.

**Rule 6c: A written motion and notice of the hearing must be served at least 5 days before the time specified for the hearing, with the following exceptions: (Exceptions not included)**

**2. Also according to FRCP Rule 3 Section 11a, motions must be properly signed or stricken from the record, or unless corrected.**

**Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**

1

**Page 2 of 4**

## (a) Signature.

**Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number.**

**Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.**

**3. Plaintiff Floyd Shepherd did mail documents to Homecomings Financial GMAC with account number. Plaintiff is confused of the difference between Homecomings Financial, LLC and Homecomings Financial GMAC. If anyone were to type Homecomings Financial in google search engine, it will come up as Homecomings Financial a GMAC company. And it will also point you to the Homecomings Financial website, showing the GMAC logo. This is the same site where plaintiff logged into his account.**

## ATTORNEYS LACKING CREDENTIALS

Plaintiff Floyd Shepherd is requesting all attorneys for the defendant to mail to me, and place in the docket, a copy of their oath of office.

Quote:
Every person on his admission shall take an oath to support the Constitution of the United States and the Constitution of the State of Illinois, and faithfully to discharge the duties of an attorney at law to the best of his knowledge and ability. A certificate of oath shall be indorsed upon his license.

Accusations must be made under of penalty of perjury. If perjury cannot reach accuser there is no accusation. Otherwise anyone may accuse another falsely without risk.

## JURISDICTION

**Page 3 of 4**

**The court is only to rule on the sufficiency of the proof tendered. See McNutt v. GMAC, 298 US 178. The origins of this doctrine of law may be found in Maxfields`s Lessee v. Levy, 4 US 308.**

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US, 505 F2d 1026.

"There is no discretion to ignore that lack of jurisdiction." Joyce v. US, 474 F2d 215. "The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert, 469 F2d 416.

The State of Rhode Island v. The State of Massachusetts, 37 U.S. 709, stated once the question of jurisdiction is raised "it must be considered and decided before the court can move one step further."

United States v. Benson, 495 F.2d 475 (5th Cir. 1974), "It is axiomatic that the prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction therefore," The court has the burden once asked - and so does the prosecution.

It is null and void- regardless if the judge or court accepts it or not- the court has the burden of proof. Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio." In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.

"Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act, its proceedings are absolutely void in the fullest sense of the term." Dillon v. Dillon, 187 P 27.

"A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.

Page 4 of 4

"Court must prove on the record, all jurisdiction facts related to the Jurisdiction asserted." Lantana v. Hopper, 102 F2d 188; Chicago v. New York, 37 F Supp 150.

Courts in administrative issues are prohibited from even listening to or hearing arguments, presentation, or rational. " ASIS v. US, 568 F2d 284.

Lacking anyone of the above elements or portions they' re of lacks the proper jurisdiction and the case cannot proceed. Unless under threat duress and coercion.

WHEREFORE, Plaintiff Floyd Shepherd respectfully request that the defendants motions, dated 03/31/2008 to be stricken from the record, because of improper service.

## CERTIFICATE OF SERVICE

I Floyd Shepherd, Plaintiff will mail this 4 page document to Simon A. Fleischmann (6274929), LOCKE LORD BISSELL & LIDDELL LLP, 111 South Wacker Drive, Chicago, IL. 60606-4410. Telephone: 312-443-0462. Fax: 312-896-6471
This document will be mailed to the above and filed in the docket on April 9th, 2008.

Floyd Shepherd, Plaintiff

In Propria Persona
Date: April 9th, 2008

Floyd Shepherd
8119 S. Artesian St.
Chicago, IL. 60652
773-590-1873
forhealthreasons1@yahoo.com