IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Floyd Shepherd, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-cv-622 |
| ) | |
| Homecomings Financial (GMAC) ) | Judge Gottschall |
| ) | Magistrate Judge Brown |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HOMECOMINGS FINANCIAL LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Defendant, Homecomings Financial, LLC ("Homecomings"), incorrectly sued as "Homecomings Financial (GMAC)," by its attorneys, Simon Fleischmann and Jason Nash, submits this Memorandum of Law in Support of Defendant Homecoming Financial LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

Plaintiff Floyd Shepherd ("Plaintiff") filed an Affidavit of Truth/Complaint (the "Complaint") on January 29, 2008, purporting to assert the following twelve (12) causes of action against Homecomings: (1) the Fair Debt Collection Practices Act; (2) the 4th Amendment of the United States Constitution; (3) the 5th Amendment of the United States Constitution; (4) the 6th Amendment of the United States Constitution; (5) the 9th Amendment of the United States Constitution; (6) the 10th Amendment of the United States Constitution; (7) the 13th Amendment of the United States Constitution; (8) 42 U.S.C. § 1982; (9) 42 U.S.C. § 1983; (10) 42 U.S.C. § 1985; (11) 18 U.S.C. § 1001; and (12) 42 U.S.C. § 1986.

Most of Plaintiff's purported claims are not claims at all, because the various constitutional provisions and statutes asserted do not provide for private causes of action. The remaining claims should be dismissed because the Complaint lacks any allegations that would give rise to a plausible claim against Homecomings. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968, 1974 (2007). Accordingly, Homecomings must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

The Seventh Circuit imposes on a plaintiff two hurdles that must be cleared in order to survive a motion under Rule 12(b)(6): "[f]irst, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests," and "[s]econd, its allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (*citing Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-66 (2007)) (internal quotation marks omitted).

## ARGUMENT

Plaintiff's allegations in support of his Complaint are entirely insufficient. In fact, Plaintiff's Complaint does little more than name Homecomings in the caption and enumerate a list of constitutional amendments and statutes as purported causes of action. Plaintiff's only factual allegations are that he sent two requests for verification of debt to Homecomings, and that Homecomings responded to the first but not the second. (Compl. ¶¶ 1-3). These allegations are insufficient to state a claim under any of the theories asserted in the Complaint.

I. **PLAINTIFF'S CONSTITUTIONAL AND CRIMINAL CLAIMS ARE NOT CAUSES OF ACTION AND SHOULD BE DISMISSED.**

Most of Plaintiffs claims are not recognized causes of action. The Ninth, Tenth and Thirteen Amendments to the Constitution do not provide for relief for civil litigants. *See Ellis v. Welch*, No. 92 C 4633, 1994 U.S. Dist. LEXIS 2692, *55-56 (N.D. Ill. Mar. 8, 1994). Plaintiff's remaining claims under the Constitution must also be dismissed, as "the availability of § 1983 precludes direct claims under the Constitution." *Glover v. Doyle*, No. 90 c 7041, 1991 U.S. Dist. LEXIS 4427, *5 (N.D. Ill. 1991).

Additionally, Plaintiff cannot state a claim under 18 U.S.C. § 1001, as "[n]othing in that criminal statute provides for a private right of action or provides civil remedies for a private person[.]" *Daniels v. Am. Postal Worker Union*, 167 F. Supp. 2d 999, 1003 (N.D. Ill. 2001) (dismissing civil claims under 18 U.S.C. § 1001). Because Plaintiff is prohibited from bringing a cause of action under the Constitution or 18 U.S.C. § 1001, each of Plaintiff's purported claims under these authorities must be dismissed with prejudice.

II. **PLAINTIFF DOES NOT AND CANNOT ASSERT SUFFICIENT ALLEGATIONS TO STATE A CLAIM UNDER THE REMAINING STATUTES REFERRED TO IN THE COMPLAINT.**

For the causes of action asserted by Plaintiff that may be cognizable under certain circumstances, Plaintiff fails to plead allegations sufficient to state a plausible cause of action under each of them. Specifically, Plaintiff fails to state a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The FDCPA protects debtors from the improper collection practices of "'debt collectors' -- third parties who attempt to recoup debts owed to creditors." *Nwoke v. Countrywide Home Loans, Inc.*, 251 Fed. Appx. 363, 364-65 (7th Cir. 2007). A creditor, such as a mortgagor, who collects its own debt under its own name is not a "debt collector" within the FDCPA. *Id*. at 365 (holding that where "Countrywide extended a

3

loan to Nwoke, and when Countrywide believed she was in default, it contacted her directly, using its own name, to collect the debt," the lender was "Nwoke's creditor, not a debt collector subject to the FDCPA").  Plaintiff does not and cannot make any allegations that Homecomings is anything other than Plaintiff's creditor.  Furthermore, Plaintiff does not allege that Homecomings engaged in any debt collection practices, much less deceptive or oppressive debt collection practices of the sort that may give rise to an FDCPA claim.  *See Chambers v. Habitat Co.*, 68 Fed. Appx. 711, 715 (7th Cir. 2003) (plaintiff "pleaded herself out of court" by failing to allege harassing or deceptive conduct as means to collect the debt).  Plaintiff's FDCPA claim must be therefore dismissed.

Plaintiff's discrimination claims are likewise completely devoid of any support in the Complaint.  In order to state a claim under Sections 1982, 1985 and 1986 of Title 42, a plaintiff must allege sufficient facts demonstrating that "the defendants were motivated by racial or some other type of invidious, class-based discrimination."  *See Glover v. Doyle*, No. 90 c 7041, 1991 U.S. Dist. LEXIS 4427, *3 (N.D. Ill. 1991) (quoting *Lowe v. Letsinger*, 772 F.2d 308, 311 (7th Cir. 1985)) (internal quotation omitted); *see also Agrawal v. Pallmeyer*, No. 1:07 cv 4283, 2008 U.S. Dist. LEXIS 11481, *16-17 (N.D. Ill. Feb. 15, 2008) (dismissing factually unsupported Section 1985 claim).  Accordingly, Plaintiff's failure to allege any racial or other discriminatory practices requires the dismissal of these claims.

Finally, Plaintiff's claim under 42 U.S.C. § 1983 must be dismissed, as Homecomings has not been, and cannot be, alleged to be a state actor or acting under color of state authority.  *Id*. at *4-5; *Malek Holdings II Ltd. v. English*, 217 Fed. Appx. 527, 530 (7th Cir. 2007) ("it is well established that § 1983 requires that a defendant have acted under color of state law").

In summary, Plaintiff asserts mostly claims that do not exist; and for the claims that may exist, Plaintiff's allegations are insufficient to state a claim for relief that is plausible.  Therefore, Plaintiff Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Defendant Homecomings Financial, LLC ("Homecomings"), incorrectly sued as "Homecomings Financial (GMAC)," respectfully requests that this Court enter an order dismissing Plaintiffs' Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and awarding such further relief as this Court deems just and appropriate.

DATED: April 14, 2008                                     Respectfully Submitted,

                                                          HOMECOMINGS FINANCIAL LLC


                                                          By   /s/ Simon A. Fleischmann
                                                             One of Its Attorneys

Simon A. Fleischmann (6274929)
Jason Nash (6286942)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL  60606-4410
Telephone:  312.443.0462
Facsimile:  312.896.6471

## CERTIFICATE OF SERVICE

  I, Simon A. Fleischmann, an attorney, certify that I caused the foregoing document to be served upon all persons and entities registered to receive such service through the Court's Case Management / Electronic Case Files (CM/ECF) system and the following individual:

 Floyd Shepherd
 8119 S. Artesian Ave.
 Chicago, IL 60652-2838

via U.S. Mail on April 14, 2008.

DATED: April 14, 2008

              By /s/ Simon A. Fleischmann
                 Simon A. Fleischmann