# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 622 | **DATE** | 4/21/2008 |
| **CASE TITLE** | Floyd Shepherd vs. Homecomings Financial (GMAC) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, plaintiff's motion to strike all pleadings by attorneys lacking credentials and lacking jurisdiction [13] is denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff, Floyd Shepherd ("Shepherd"), filed a *pro se* motion to strike all pleadings by attorneys lacking credentials and lacking jurisdiction. He complains, in part, that defendant failed to follow Rule 6c of the Federal Rules of Civil Procedure by mailing him, on March 31, 2008, a notice of motion for April 2, 2008. The Northern District of Illinois has established local rules, specifically Local Rule 5.3, that comports with Rule 6c. Shepherd is correct, and defendant's motion for extension of time failed to give him sufficient notice of the hearing. However, this case is less than three months old and the court routinely grants motions for extension of time to answer or otherwise plead. The court also notes that Shepherd himself failed to follow the rules by filing a motion without notice of presentment, in violation of Local Rule 5.3, although he did serve the motion on defendant. Nevertheless, to avoid unnecessary replication, the court exercises its discretion to consider plaintiff's motion.

The court now turns to Shepherd's other arguments, which it finds wholly without merit. First, Shepherd argues that the motion for extension was improperly signed. Defendant correctly signed its motion in accordance with this court's rules on e-filing and the court sees no Rule 11 violation as alleged. Next, Shepherd moves to have defendant's attorneys file proof of their oath of office before they be allowed to file motions. The court is aware of no authority requiring such a filing and an attorney's standing is a matter of public record maintained by the Attorney Registration and Disciplinary Commission. Finally, Shepherd argues that the court lacks jurisdiction. His arguments misread the applicable case law and are entirely misplaced.

In short, Shepherd is correct that defendant failed to provide him with the notice required under Local Rule 5.3. (Defendant has provided sufficient notice for its pending motion to dismiss, however, and the court notes that strict compliance with Local Rule 5.3 is required.). However, in light of the routine nature of the motion and the lack of prejudice from the grant of a short extension to answer or otherwise plead, the court

**STATEMENT**

denies Shepherd's motion to strike the motion for extension. The court excuses plaintiff's non-appearance at the April 2, 2008 motion hearing because of defendant's failure to properly serve him. Shepherd must appear at the hearing for defendant's motion on April 24, 2008 and all other scheduled hearings to avoid dismissal for want of prosecution.