UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
May 5, 2008
MAY 5 2008  JH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FLOYD SHEPHERD,            )
      Plaintiff,            )
                                  )
v.                         )   Case No. 08-cv-622
                                  )
HOMECOMINGS FINANCIAL (GMAC))   Judge Gottschal
      Defendants.         )   Magistrate Judge Brown

**MEMORANDUM TO SQUASH SUMMARY JUDGMENT FAVORING DEFENDANT**

To: Douglas R. Sargent
   Locke Lord Bissell & Liddell LLP
   111 South Wacker Drive
   Chicago, IL. 60606-4410
   Telephone: 312-443-0462
   Facsimile: 312-896-6471

Plaintiff, Floyd Shepherd files this memorandum to show that a summary judgment-favoring defendant cannot be granted.

1. Plaintiff has not finished the discovery process. Defendant was mailed three discovery letters by certified mail # 7007-2560-0000-9077-3092. The discovery letters are, Plaintiffs Request for Production, Plaintiffs first set of Interrogatories, and Plaintiffs Request for Admissions. It is against due process to dismiss a case when discovery is still in progress.

2. Plaintiff have not received counterclaim from Defendant.

   3. Defendant did not verify the debt pursuant to USC 1692a. The definition of verification in blacks law dictionary 4th edition and I quote, " Confirmation of correctness, truth, or authenticity by affidavit, oath, or deposition. **McNamara v. Powell, [Sup.] 52 N.Y.S.2d 515-527**
   4. Defendant has caused plaintiff to miss two court dates by not following procedures. First document plaintiff received was on the day of the first scheduled court date which was April 2nd, 2008. Even though Plaintiff brought this to the attorney's attention, a second letter titled statement was received on April 29th, 2008 for a hearing on April 24th, 2008. Post marked for this statement was April 28th, 2008. Plaintiff received this letter after hearing and did not receive a 5-day notice as per Rule 6c. This letter was dated 4/21/2008, which means this letter was intentionally held and even the date of the letter does not give plaintiff a five-day notice. This all have been done Ex Parte.

1

5. Defendant never produced the original note, showing ownership of loan.
6. Defendant never proved that the contract was valid.
7. Plaintiff already asked Defendant questions, 3,5 and 6 in prior documents filed in court.

**Plaintiff will quote several cases to support his claim.**

> **"Any false representation of material facts made with knowledge of falsity and with intent that it shall be acted on by another in entering into contract, and which is so acted upon, constitutes 'fraud,' and entitles party deceived to avoid contract or recover damages."** Barnsdall Refining Corn. v. Birnam wood Oil Co., 92 F 2d 817.
>
> **"It is not necessary for recession of a contract that the party making the misrepresentation should have known that it was false, but recovery is allowed even though misrepresentation is innocently made, because it would be unjust to allow one who made false representations, even innocently, to retain the fruits of a bargain induced by such representations."** Whipp v. Iverson, 43 Wis 2d 166.
>
> **Question of whether lender's Truth in Lending Act disclosures are inaccurate, misleading or confusing ordinarily will be for fact finder; however, where confusing, misleading and inaccurate character of disputed disclosure is so clear that it cannot reasonably be disputed, summary judgment for plaintiff is appropriate. Truth in Lending Act Section 102 et seq; Truth in Lending Regulations, Regulation Z, Section 226.1 et seq., 15 U.S.C. Section 1700. Griggs v. Provident Consumer Discount Co. 503 F, Supp 246, appeal dismissed 672 F.2d 903, appeal after remand 680 F.2d 927, certiorari granted, vacated 103 S.Ct, 400, 459 U.S. 56, 74 L.Ed.2d 225, on remand 699 E2d 642.**
>
> <u>*Any violation of the Truth in Lending Act, regardless of technical nature, must result in finding of liability against lender. Truth in Lending Regulations, Regulation Z Section 226.1 et seq., 15 U.S.C. Section 1700; Truth in Lending Act Section 130 (a, e), IS U.S.C. Section 1640 (a, e). In Re Steinbrecher. 110 BR. 155, 116 A.L.R. Fed. 881.*</u>
>
> <u>**Prima Facie Evidence**</u>: The definition of "prima facie" given in Black's Law Dictionary as "**a fact presumed to be true unless disproved by some evidence to the contrary**" (*Black's Law Dictionary 1189 (6th ed. 1990)*)

I certify that a copy of the foregoing was sent by regular mail to Douglas R. Sargent, of Lock, Lord Bissell and Liddell, LLP, 111 South Wacker Drive, Chicago Illinois 60606. On this 5th, day of May 2008.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Floyd Shepherd,
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　8119 S. Artesian St.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60652
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　773-590-1873