

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FLOYD SHEPHERD,  )
       Plaintiff,  )
         )
v.  )  Case No. 08-cv-622
         )
HOMECOMINGS FINANCIAL (GMAC))  Judge Gottschall
       Defendants.  )  Magistrate Judge Brown

FILED MAY 15 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

PLAINTIFFS FOURTH JUDICIAL NOTICE
5 ILCS 50 AND 735 ILCS 105/5-5

Plaintiff filed his first judicial notice on May 8th, 2008.
Plaintiff's second judicial notice filed on May 9th, 2008
Plaintiff's third judicial notice filed on May 12th, 2008

## PLEADINGS

All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See *Anastasoff v. United States*, 223 F.3d 898 (8th Cir. 2000). Pro Se litigants pleadings are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers; if court can reasonably read pleadings to state valid claims on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigants unfamiliarity with pleading requirement.
See Haines v. Kerner, 404 US 519, 30LEd 2d 652, 92 S. Ct 594 (1972); United States v. Cooper, 725 F. 2d 756,757 n.1 (D.C. Cir. 1984); Boag v. MacDougall, 454 US 364, 70 LEd 2d 551, 102 SCt 700 (1982); Spencer v. Doe, 139 F3d 107 (2nd Cir. 1998); Tapia-Ortiz v. Doe, 171 F3d 150 (2nd Cir. 1999). Stone v. Harry, 364 F. 3d 912,915 (8th Cir. 2004); Miller v. Norris, 247 F. 3d 738, 739 (8th Cir. 2001).

## PLAINTIFFS DISCOVERY #7007-2560-0000-9077-3092

Defendant received discovery on May 5th, 2008. If plaintiff is not allowed to finish discovery even though defendant was allowed to enter hearsay evidence in the docket, then the court has shown favoritism. The court has shown where its interest lies. The plaintiff was denied due process and at this point the court lacks subject matter jurisdiction. Everybody is entitled to Due Process at every stage of the proceeding, Griffin v.

1

Illinois, (1965) 100 L. ed 891, 351, U.S. 12,79 S. Ct. 585,55 Alr 2d 1055.

"We have described the root requirement of the Due Process Clause as being that an individual be given an opportunity for a hearing before he is deprived of any significant property interest." Illinois Constitution Article 1 Sec. 2. "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."

And Sec. 12, "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, and completely, and promptly." The essential elements of "due process of law" are notice and opportunity to be heard and to defend in orderly proceedings adapted to nature of case and the guarantee, "law of the land." "due course of law," and "due process of law" are synonymous. <u>People v. Skinner, Cal., 110 P. 2d 41, 45.</u> But "judicial process" and "judicial proceedings" are not necessarily synonymous with "due process." <u>Pennsylvania Publications v. Pennsylvania Public Utility Commission, 152 pa,m Super. 279, 32 A. 2d 40, 49; Barry v. Hall, 98 F. 2d 222, 68 App. D.C. 350.</u>

<u>STATEMENTS OF COUNSEL</u>

Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, *Trinsey v. Pagliaro,* D.C. Pa. 1964, 229 F. Supp. 647. Because the attorney is not a competent witness nor does he has standing in this case nor can he write an affidavit, it is hearsay, or put anything in the file or records, NOR CAN HE TESTIFY AS A WITNESS FOR THE DEFENDANT.!!! Where facts are to be determined on basis of hearings, before administrative agencies, personal appearance of witnesses is necessary. Holt v. Raleigh City Bd. of Ed., D.C.N.C.958. 164 F. Supp. 853, affirmed 265 F. 2d 95, certiorari denied 80 S. Ct. 59, 361 U.S. 818, 4 L Ed 2d 63. Throughout the entire case, there HAS NOT been one competent witness who appeared. Before a court can proceed judicially, jurisdiction must be complete; consisting of two opposing party (ies), Homecomings financial has never been present. An attorney can compromise his role as Advocate by filing affidavits on behalf of his client.

<u>VERIFICATION & VALIDATION -WHERE IS THE EVIDENCE</u>

<u>Where the defendant cannot prove the existence of the note, then</u>

2

there is no note. To recover on a promissory note, the defendant must prove: (1) the existence of the note in question: (2) that the party sued signed the note: (3) that the defendant is the owner or holder of the note: and (4) that a certain balance is due and owing on the note. See In Re: SMS Financial LLC V. Abco Homes, Inc. No.98-50117 February 18 1999 (5th Circuit Court Of Appeals.) Volume 29 of the New Jersey Practice Series, Chapter 10 Section 123, page 566, emphatically states, "...; and no part payments should be made on the bond or note unless the person to whom payment is made is able to produce the bond or not and part payments are endorsed thereon. It would seem that the mortgager would normally have a Common law right to demand production or surrender of the bond or note and Mortgage, as the case may be See Restatement, Contracts S 170(3), (4)(1932); C.J.S. Mortgage S 469 in Carnegie Bank v Shalleck 256 N.J. Super 23 (App.Div 1992). When the underlying mortgage is evidenced by an instrument meeting the Criteria for negotiability set forth in N.J.S. 12a:3-104, the holder of the Instrument shall be afforded all the rights and protections provided a holder in Due course pursuant to N.J.S.12A.3-102" Since no one is able to produce the "instrument" there is no competent evidence before the Court that neither party is the holder of the alleged note or the true holder in due course.

Federal circuit Courts have ruled that the only way to prove the perfection of any security is by actual possession of the security. See Matter of Staff Mortg. & Inv. Corp.550 F.2d122 8 (19thCir 1977). "Under the uniform Commercial Code. The only Notice sufficient to inform all interested parties that a security interest in Instruments has been perfected is actual possession by the secured party. His agent or Bailee." Bankruptcy Courts have followed the Uniform Commercial Code. In ReInvestors & Lenders. Ltd. 165 B.R. 389 (Bkrtev. D.N.J. 1994). " Unequivocally the Court's rule is that in order to prove the instrument", possession is mandatory.

3

## Certificate of Service

I certify that a copy of the foregoing was sent regular mail to Douglas R. Sargent, of Lock, Lord Bissell and Liddell, LLP, 111 South Wacker Drive, Chicago Illinois 60606. On this 15th, day of May 2008.

*[signature]*

Floyd Shepherd,
8119 S. Artesian St.
Chicago, Illinois 60652
773-590-1873