

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FLOYD SHEPHERD, )
    Plaintiff, )
)
v. ) Case No. 08-cv-622
)
HOMECOMINGS FINANCIAL (GMAC)) Judge Gottschall
    Defendants. ) Magistrate Judge Brown

**FILED**
J.N MAY 2 2 2008
MAY 2 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PLAINTIFF MOTION TO DISMISS DEFENDANTS MOTION TO DISMISS AND TO DISMISS THIS CASE PURSUANT TO FEDERAL RULE 12(b)(4)**

Plaintiff moves the court for an order to dismiss Homecomings Financial motion to dismiss that was based on 12(b)(6). Defendant's attorney has to standing to dismiss. Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647.

Plaintiff moves the court for an order to dismiss this case and for an order to receive the original title free and clear to plaintiff property and financial damages, and awarding such further relief, as this court deems just and appropriate.

Homecomings Financial had a duty to answer me and did not, and have defaulted before this lawsuit took place.

Homecomings financial, LLC have been placed in default by acquiescence by refusing to answer questions pertaining to the alleged loan agreement.

Homecomings Financial, LLC never verified the debt pursuant to 15 USC 1692a. This alleged debt should have been verified by oath or deposition.

Homecomings Financial, LLC has violated truth and lending laws.

> *Any violation of the Truth in Lending Act, regardless of technical nature, must result in finding of liability against lender. Truth in Lending Regulations, Regulation Z Section 226.1 et seq., 15 U.S.C. Section 1700; Truth In Lending Act Section 130 (a, e), IS U.S.C. Section 1640 (a, e). In Re Steinbrecher. 110 BR. 155, 116 A.L.R. Fed. 881.*

1

*Once a creditor violates the Truth In Lending Act, no matter how technical violation appears, unless one of statutory defenses applies, Court has no discretion in imposing liability. Truth in Lending Act, Sections 102-186 as amended, 15 U.S.C. Section 1601-1667e. Solis v. Fidelity Consumer Discount Co. 58 BR, 983.*

*"It is not necessary for recession of a contract that the party making the misrepresentation should have known that it was false, but recovery is allowed even though misrepresentation is innocently made, because it would be unjust to allow one who made false representations, even innocently, to retain the fruits of a bargain induced by such representations." Whipp v. Iverson, 43 Wis 2d 166.*

*Question of whether lender's Truth in Lending Act disclosures are inaccurate, misleading or confusing ordinarily will be for fact finder; however, where confusing, misleading and inaccurate character of disputed disclosure is so clear that it cannot reasonably be disputed, summary judgment for plaintiff is appropriate. Truth in Lending Act Section 102 et seq; Truth In Lending Regulations, Regulation Z, Section 226.1 et seq., 15 U.S.C. Section 1700. Griggs v. Provident Consumer Discount Co. 503 F. Supp 246, appeal dismissed 672 F.2d 903, appeal after remand 680 F.2d 927, certiorari granted, vacated 103 S.Ct, 400, 459 U.S. 56, 74 L.Ed.2d 225, on remand 699 F2d 642.*

Homecomings Financial, LLC have damaged Plaintiff by stealing his labor.

All facts are based on personal appearance. Holt v. Raleigh City Bd. Of Ed., D.C.N.C. 958. 164 F. Supp. 853, affirmed 265 F. 2d 95, certiorari denied 80 S. Ct. 59, 361 U.S. 818, 4 L Ed 2d 63.

Courts in administrative issues are prohibited from even
listening to or hearing arguments, presentation, or rational. " ASIS v. US, 568 F2d 284.

## CERTIFICATE OF SERVICE

I Floyd Shepherd, Plaintiff will mail this 3 page document to Douglas Sargent, LOCKE LORD BISSELL & LIDDELL LLP, 111 South Wacker Drive, Chicago, IL. 60606-4410. Telephone: 312-443-0462. Fax: 312-896-6471

Floyd Shepherd, Plaintiff

*[signature]*

In Propria Persona
Date: May 22nd, 2008

Floyd Shepherd
8119 S. Artesian St.
Chicago, IL. 60652
773-590-1873
forhealthreasons1@yahoo.com



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 22 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FLOYD SHEPHERD, )
    Plaintiff, )
)
v. ) Case No. 1:08-cv-00622
)
HOMECOMINGS FINANCIAL (GMAC)) Judge Gottschall
    Defendants. ) Magistrate Judge Brown

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by Plaintiff, Floyd Shepherd on May 22nd, 2008.

1. Plaintiff, Floyd Shepherd filed in the docket Plaintiffs notice to dismiss defendant's motion to dismiss and to dismiss this case.
2. Plaintiff also filed plaintiff motion to enforce due process and to deny attorneys admission statement and brief which constitute hearsay.

I certify that a copy of the foregoing was mailed to Douglas Sargent, of Locke, Lord Bissell and Liddell, LLP, 111 South Wacker Drive, Chicago Illinois 60606. On this 22nd, day of April 2008.

Floyd Shepherd,
8119 S. Artesian St.
Chicago, Illinois 60652
773-590-1873

1