# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 622 | **DATE** | 5/27/2008 |
| **CASE TITLE** | Shepherd vs. Homecomings Financial (GMAC) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, plaintiff's motion to compel production of documents [30], motion to dismiss defendant's motion to dismiss [33], and motion to enforce due process [34] are denied. No appearance is required on May 29, 2008.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

On May 16, 2008, plaintiff, Floyd Shepherd ("Shepherd") filed a motion to compel production of documents. However, in open court on May 15, 2008, the court stayed responses to outstanding delivery until 14 days after the court's ruling on the pending motion to dismiss. The court has not yet ruled and the defendant does not, therefore, have to produce anything to the plaintiff at this time. The motion is denied.

On May 22, 2008, Shepherd filed a motion to dismiss defendant's motion to dismiss and to dismiss this case pursuant to Federal Rule 12(b)(4). Shepherd appears to be seeking a default judgment against the defendant. However, the defendant has timely filed a motion for extension of time and a motion to dismiss, which is fully-briefed and pending before the court. The defendant is not, therefore, in default. The motion is denied.

Also on May 22, 2008, Shepherd filed a motion to enforce due process and to deny attorneys' admission statements and briefs which constitute hearsay evidence. (This motion was not noticed for presentment in accordance with Local Rule 5.3.) Shepherd incorrectly argues that the defendant must appear and personally sign documents and that documents signed by counsel are inadmissible. In fact, the contrary is true; an LLC, like a corporation, must appear through counsel. *See Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("We have held that corporations must appear by counsel or not at all."); *Kipp v. Royal & Sun Alliance Personal Ins. Co.*, 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002) (holding that an LLC may appear in court only through counsel). The motion is denied.

| | Courtroom Deputy Initials: | DAM/TP |
|---|---|---|