UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLOYD SHEPHERD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08 C 622 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| HOMECOMINGS FINANCIAL (GMAC), | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure
12(b)(6) filed by defendant, Homecomings Financial (GMAC) ("Homecomings").  Plaintiff,
Floyd Shepherd ("Shepherd"), filed a complaint consisting of four paragraphs of facts and a list
of twelve legal claims.  A stack of papers was attached to the complaint and the court construes
these papers as exhibits, although they are not so labeled or incorporated.  For the reasons stated
below, the motion to dismiss is granted.

## I. BACKGROUND

This case concerns documentation regarding the ownership of a mortgage loan.
Shepherd appears to allege that he has no enforceable contract with Homecomings because
Homecomings has failed to prove it owns Shepherd's loan.  On September 16, 2005, Shepherd,
along with Renee K. Shepherd, took out a mortgage for property in Chicago, Illinois, where
Shepherd still lives.  They executed an adjustable rate note in the amount of $152,000 with
lender Finance America, LLC.

1

Shepherd sent two requests for the verification of his mortgage debt to Homecomings, one in May 2007 and a second in August 2007.  On October 24, 2007, Homecomings mailed Shepherd, in response, a copy of the September 2005 adjustable rate note, applicable riders, the settlement statement from the closing, and a payment history log dating back to October 2005. The log indicates that regular monthly payments of $996.51 were being made on the mortgage through approximately August 2007 and that the payments were being applied to principal and interest.  Shepherd alleges the response was legally inadequate because Homecomings sent copies – not originals – and because the loan verification was not made under penalty of perjury.

On December 10, 2007, Homecomings sent Shepherd a notice of default, stating that no payment had been received for November or December and warning that the loan could be accelerated or Homecomings could institute foreclosure proceedings.  Homecomings sent a second notice on January 9, 2008 and a third on February 8, 2008.  The third notice more strongly warned that the "account may be sent to an attorney to initiate foreclosure action." However, nothing in the pleadings before the court indicates that a foreclosure action has been filed against Shepherd.[1]

Shepherd  filed a *pro se* complaint on January 29, 2008, alleging that Homecomings violated his statutory and constitutional rights.  On April 14, 2008, Homecomings filed a motion to dismiss Shepherd's complaint.  Shepherd filed numerous documents with the court and, keeping in mind Shepherd's *pro se* status, the court has assumed that Shepherd wants the court to be aware of all the information contained in those filings and has reviewed them fully.  At a

---

[1]Additionally, at a status hearing on May 15, 2008, counsel for Homecomings represented to the court that no foreclosure has been filed in this matter.

2

status hearing on May 15, 2008, Homecomings informed the court that it did not intend to file a reply in support of its motion to dismiss and that the matter was, therefore, fully briefed.

## II. ANALYSIS

### A.     Legal Standard

Rule 12(b)(6) permits a defendant to assert by motion that the plaintiff's claim for relief fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of plaintiff.  *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (internal citation omitted).  This is especially true in the context of *pro se* litigation where the court must "liberally construe" the complaint.  *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)).  The allegations must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly,* __ U.S. __, 127 S. Ct. 1955, 1964 (2007).  The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to suggest a right to relief above the speculative level.  *Id.* at 1973-74 & n.14; *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007); *Concentra Health Servs., Inc.* 496 F.3d at 776 (citing *Twombly*, 127 S. Ct. at 1965, 1973 n.14).

### B.     Arguments

Shepherd argues that the court cannot dismiss his case at this stage because he has not yet obtained discovery from Homecomings to prove his allegations.  He confuses the court's role in

3

deciding a motion to dismiss, where it evaluates whether a plaintiff has stated a legal claim upon which relief can be granted, with that in a motion for summary judgment, where it evaluates whether there is sufficient evidence to proceed to trial. *Compare* Fed. R. Civ. P. 12(b)(6), *with id.* 56. Suffice it to say that evidence that may be obtained in discovery is irrelevant to the court's decision under Rule 12(b)(6) because the only thing at issue is whether there is a cognizable legal claim.

Homecomings argues that Shepherd does not state a claim for relief under the amendments to the Constitution that he invokes. The court agrees. The Fourth Amendment prohibits unreasonable searches and seizures, but none are alleged. *See* U.S. Const. amend. IV. The Fifth Amendment prohibits a deprivation of life, liberty, or property without due process of law by the federal government, but Homecomings is a private actor. *See id.* amend. V. The Sixth Amendment applies only to criminal prosecutions, and this is a civil case. *See id.* amend. VI. The Ninth Amendment provides only that rights enumerated in the Constitution will not affect other constitutional rights retained by the people. *See id.* amend. IX. The Tenth Amendment reserves powers that have not been delegated to the federal government to the states. *See id.* amend. X. The Thirteenth Amendment prohibits involuntary servitude, which is not alleged here. *See id.* amend. XIII. Shepherd has failed to plead facts that would establish he has a viable cause of action under any of these constitutional amendments.

Similarly, Homecomings argues that Shepherd does not allege facts sufficient to support a cause of action under the various statutory provisions listed in the complaint. Again, the court agrees. Section 1982 of Chapter 42 of the United States Code prohibits racial discrimination in the sale or lease of property; but Shepherd alleges no discrimination. *See* 42 U.S.C. § 1982.

Section 1983 provides a remedy for violations of various constitutional and federal statutory

rights. *See id.* § 1983. However, it applies only where there has been a deprivation of a federal

right under color of state law. *Id.*; *Loubser v. Thacker*, 440 F.3d 439, 445 (7th Cir. 2006).

Homecomings is a private actor. "Section 1983 can reach private citizens only where a plaintiff

adequately alleges that they conspired with a state actor to deprive that plaintiff of a

constitutional right." *Loubser*, 440 F.3d at 445 (citing *Brokaw v. Mercer County*, 235 F.3d 1000,

1016 (7th Cir. 2000)). Shepherd makes no such factual allegations. Sections 1985 and 1986

both provide for remedies in conspiracy contexts, but Shepherd alleges no conspiracy. *See* 42

U.S.C. § 1985, *id.* § 1986. Section 1001 is a federal criminal fraud statute, which provides no

private right of action or civil remedy. *See* 18 U.S.C. § 1001; *Daniels v. Am. Postal Worker

Union*, 167 F. Supp. 2d 999, 1003 (N.D. Ill. 2001) (noting that "only the government may

prosecute a defendant for this crime"). Therefore, the court finds that Shepherd has failed to

state a claim under any of these statutory provisions.

The sole remaining claim is for a violation of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.* ("FDCPA").[2] Shepherd argues that Homecomings was attempting to

collect a debt without providing the necessary verification. The FDCPA requires that "if

requested by a person against which enforcement is sought, the person seeking to enforce the

---

[2]In his filings, Shepherd cites dozens of cases dealing with a range of disparate legal claims. It is impossible, and needless, for the court to address them all. The only statutory claim raised that could be relevant to the mortgage dispute, and which is mentioned several times in Shepherd's filings, is the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"). TILA protects consumers by requiring clear initial disclosures on loan documents. *See, e.g.*, *Carmichael v. The Payment Center, Inc.*, 336 F.3d 636, 639 (7th Cir. 2003) ("The Act's main purpose is to allow consumers to compare credit rates so that they may make an informed use of credit."). The court is unable to discern any factual allegations in Shepherd's filings to support a TILA claim. The allegations concern ownership and verification of the debt, not disclosures.

transferable record shall provide reasonable proof that the person is in control of the transferable record." 15 U.S.C. § 7021.  In other words, if a debt collection firm tries to collect on a debt it has purchased and the debtor requests proof of ownership of the loan, the debt collector must provide it.  However, "a creditor who collects its own debt using its own name is not a 'debt collector.'"  *Nwoke v. Countrywide Home Loans, Inc.*, 251 F. App'x 363, 365 (7th Cir. 2007) (citing 15 U.S.C. § 1692a(4), (6)).  Therefore, the FDCPA does not apply to, for example, a car dealership collecting lease payments or a mortgage company collecting mortgage payments.

Homecomings contends, albeit in a conclusory fashion, that it is Shepherd's creditor and therefore the FDCPA is inapplicable.  However, the contention appears to be supported by the documents that Shepherd himself submitted to the court – namely the payment history log and default letters.  Homecomings provided a record of payments dating back to November 2005, indicating that it has been involved since shortly after the origination of the debt in September 2005 and long before any default occurred.  Public records also support Homecomings' contention: the Illinois Division of Banking lists Homecomings Financial, LLC as a licensed "mortgage broker/bank."  *See* http://www.idfpr.com.  Other litigation against Homecomings confirms that it is a mortgage company.  *See, e.g.*, *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 528 (7th Cir. 2004) (noting that the parties agreed that Homecomings Financial Network, the former name of Homecomings Financial, LLC, was a loan servicing company); *Spencer v. Mortgage Acceptance Corp.*, 05 C 356, 2006 WL 1302413, *1 (N.D. Ill. May 4, 2006) (noting that a lender "assigned, transferred, or sold" a mortgage to Homecomings Financial Network, Inc.).  Finally, the company's website, http://www.homecomings.com, describes Homecomings as "one of the leading servicers of mortgages."  The court found no reference to Homecomings

6

as a third-party debt collector.  The court therefore takes judicial notice of the fact that

Homecomings is acting as a mortgage company and, as such, is not liable under the FDCPA.

The only issue that remains is for the court to consider whether Shepherd, as a *pro se*

plaintiff, has raised *any* claim that would entitle him to relief.  Construing his claims liberally, as

it must, the court finds that Shepherd is alleging that Homecomings is not legally entitled to loan

payments because it has not proved ownership of the note and mortgage.  It is true that

Homecomings is not named on Shepherd's original loan documents and nothing in the record

indicates Homecomings' relationship to Finance America, LLC or how Homecomings came to

be collecting Shepherd's loan payments.  Arguments regarding ownership of a loan and the lack

of debt verification may be appropriate defenses when a lender sues to collect a debt or foreclose

on property.  *See, e.g.*, *In re Foreclosure Actions*, 2007 WL 4034554 (N.D. Ohio Nov. 14, 2007)

(dismissing foreclosure complaint because the plaintiff failed to attach sufficient documentation

to prove that it was the owner or holder of the mortgage loan).  However, the pleadings do not

indicate that Homecomings has sued Shepherd and the defenses are therefore not ripe for

consideration.

Shepherd's factual allegations against a mortgage servicer for failure to provide

information most closely mirror a statutory claim under the Real Estate Settlement Procedures

Act, 12 U.S.C. § 2605 *et seq.* ("RESPA"), which applies to the servicing of federally-regulated

mortgage loans.  In particular, it provides a private right of action when a servicer fails to

respond to a borrower's qualified written request for information relating to the servicing of

loans.  *See id.* § 2605(e).  However, in his letter to Homecomings (entitled "Written Request for

Verification of Debt"), Shepherd asks for information about the ownership, not the servicing, of

his debt and such requests do not fall within the ambit of RESPA.  *See MorEquity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000) (dismissing RESPA claims where the written request "sought information about the validity of the loan and mortgage documents, but made no inquiry as to the status of the . . . account balance").  Having found RESPA inapplicable, the court can discern no federal basis for Shepherd's claims.

To the extent that Shepherd may have a claim for the return of monies wrongly paid to Homecomings and/or a declaration that Homecomings has no entitlement to further loan payments, such claims sound in contract or tort and normally arise under state law.  Shepherd does not allege diverse citizenship or the amount in controversy necessary for the court to adjudicate state law claims.  Therefore, to the extent that Shepherd may have a colorable claim, about which the court makes no determination, he has failed to plead sufficient facts for the court to exercise subject matter jurisdiction.  Therefore, the case is dismissed without prejudice.

### III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss [14] is granted and the case is dismissed without prejudice.

ENTER:

_____/s/_____

JOAN B. GOTTSCHALL
United States District Judge

DATED: May 29, 2008

8