UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 17 2008
6-17-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FLOYD SHEPHERD, )
      Plaintiff, )
)
v. ) Case No. 08-cv-622
)
HOMECOMINGS FINANCIAL (GMAC) ) Judge Gottschall
      Defendants. ) Magistrate Judge Brown

PLAINTIFF'S SIXTH JUDICIAL NOTICE
NOTICE AGAINST DEFENDANTS UNSIGNED ORDER

Floyd Shepherd received an order from defendant on May 29th, 2008. The order that plaintiff received was not signed by Judge Gottschall. It is true that an unsigned order is not an order. See *SECOND NAT. BANK OF PAINTSVILLE v. BLAIR*, 186 S.W.2d 796.

A plaintiff that does not hold the original note has no standing and such action must be dismissed with prejudice. Shelter Dev. Group v. MMA of Georgia, Inc., 50 B.R. 588, 590-91 (Bankr. S.D. Fla. 1985);

Homecomings Financial is a servicer, SERVICER! NOT the lender. SERVICERS have no equitable interest. See: Cambridge Mortg. Corp., Bkrtcy D.S.C. 1988, 92, B.R.145. Cambridge and Freddie Mac were fighting over "securities" (mortgages Cambridge held when they went into bankruptcy). Freddie Mac came in and said that they didn't belong to Cambridge; that THEY owned them. The court agreed. Servicer has no standing, no equitable interest, no RIGHT TO FORECLOSE.

ACTIONABLE FRAUD. Deception practiced in order to induce another to part with property or surrender some legal right; a false representation made with an intention to deceive; may be committed by stating what is known to be false or by professing knowledge of the truth of a statement which is false, but in either case, the essential ingredient is a falsehood uttered with intent to deceive. Sawyer V. Prickett. 19 Wall. 146.22 L.Ed. 105

A debt collector as stated in 15 USC 1692a section 803(6) states that a debt collector means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debt. If Homecomings Financial is not a debt collector then why are they sending me bills in which I have to pay? If Homecomings cannot collect its own debt then I owe them nothing. This may prove why Homecomings cannot or has not produced the original note. And has not fully explained

1

the stipulations of the alleged contract.

Homecomings Financial has a responsible to keep accurate records to plaintiffs account. Homecomings financial cannot enforce any terms of the contract, cannot enforce plaintiff to pay, cannot take plaintiffs property unless by <ins>BRUTE FORCE.</ins> Homecomings Financial cannot continually show a negative balance on plaintiffs credit report, causing him hardship and involuntary servitude. Plaintiff cannot be made to follow any unsigned order unless by <ins>BRUTE FORCE.</ins> Is it normal practice of our government to use brute force instead of following the law? Even the IRS must sign documents under penalty of perjury pursuant to <ins>Title 26 Section 6065</ins>.

Why has defendant not signed anything under penalty of perjury? Why has plaintiff been denied the use of his own court reporter? Why has the defendant not proven under oath or deposition that they were injured? Why was plaintiff's discovery denied? Any claims from the defendant made otherwise are hearsay evidence and must be stricken from the record.

Plaintiff will not make it a habit of accepting anything from the court without regard for the law. If the courts hold no accountability to the law and enforce such actions without upholding the law then this is considered <ins>involuntary servitude</ins>.

1. According to Holmes V. Uvalde Nat. Bank a bank cannot loan depositors money.
2. According to Wheeler V. Johner state of N.Y. A note is not a debt.
3. SMS Financial LLC V. Abco Homes, Inc., the original note must be produced to have competent evidence.
4. Matter of Staff Mortg and Inv.Corp., 550 F2d 1228, to prove perfection of any security is by actual possession of the security.
5. A loan servicer has no standing to sue. Homecomings Financial never had a beneficial interest in the note. See, e.g. Merscorp, Inc. v. Romaine, No. 9688/01, slip op. at 2 n.3 (N.Y. Sup. Ct., Suffolk Co. May 12, 2004).
6. Homecomings Financial has no standing to foreclose. See, e.g., 735 ILCS 5/15-1504(N) (the note-holder is the proper party that has standing to bring a foreclosure action under Illinois Law);
7. US codes are prima facia evidence Royers Inc. V. United States.
8. Pursuant to Title 12 USC Section 3754, mortgage foreclosure of single- family mortgage, of federally related mortgages (HUD Statements)
   the secretary of HUD is the only one authorized to foreclose.
   A plaintiff that does not hold the original note has no standing and such action must be dismissed with prejudice. Shelter Dev. Group v. MMA of Georgia, Inc., 50 B.R. 588, 590-91 (Bankr. S.D. Fla. 1985);
   Also see: Downing v. First Nat'l Bank of Lake City, 81 So. 2d 486, 488 (Fla. 1955); Tamiami Abstract and Title Co. v. Berman, 324 So. 2d 137, 139 (Fla. Dist. Ct. App. 1975); Laing v. Gainey Builders, Inc., 184 So. 2d 897, 900 (Fla. Dist. Ct. App. 1966).

Defendant mentions in their order on page seven that Homecomings Financial is a loan servicer. At the time plaintiff signed the contract this was not fully disclosed. This is clearly a void contract. Deception, unfair practices, concealing information has been allowed.

Plaintiff cannot make a legal determination of the unsigned order by defendant. As far as the plaintiff is concerned this order is considered hearsay evidence and lacks any credibility.

If plaintiff gets up everyday to go to work to pay his mortgage then plaintiff clearly has a right to get questions answered. If plaintiff cannot get answers from the alleged creditor then this is involuntary servitude. Since the court denies plaintiff discovery, which is against due process, and the order states that there are holes in my complaint then it stands to reason that discovery would have filed these holes.

Plaintiff has asked defendant to produce the original note and asked certain question pertaining to the alleged loan agreement prior to this case and defendant has defaulted by acquiescence. Silence is equated with fraud when there is a legal and moral duty to speak or where an inquiry left unanswered would be intentionally misleading." As the Fifth Circuit recently stated in United States v. Prudden, supra, 424 F.2d at 1032: Homecomings Financial did not answer my questions prior to court and during court. Plaintiffs discovery was not allowed, more questions could have been answered or addressed. So it is quite clear that the interest of the court does not favor plaintiff.

"When one conveys a false impression by disclosure of some facts and the concealment of others, such concealment is in effect a false representation that what is disclosed is the whole truth."  State v. Coddington, 662 P.2d 155, 135 Ariz. 480. (Ariz. App. 1983).

"Fraud" may be committed by a failure to speak when the duty of speaking is imposed as much as by speaking falsely."  Batty v. Arizona State Dental Board, 112 P.2d 870, 57 Ariz. 239. (1941).

"Fraud may be committed by failure to speak, but a duty to speak must be imposed." Dunahay v. Struzik, 393 P.2d 930, 96 Ariz. 246 (1964).

"Suppression of a material fact which a party is bound in good faith to disclose is equivalent to a false representation."  Leigh v. Loyd, 244 P.2d 356, 74 Ariz. 84. (1952).

"Where relation of trust or confidence exists between two parties so that one places peculiar reliance in trustworthiness of another, latter is under duty to make full and truthful disclosure of all material facts and is liable for misrepresentation or concealment." Stewart v. Phoenix Nat. Bank, 64 P.2d 101, 49 Ariz. 34. (Ariz. 1937).

"Where one under duty to disclose facts to another fails to do so, and other is injured thereby, an action in tort lies against party whose failure to perform his duty caused injury."  Regan v. First Nat. Bank, 101 P.2d 214, 55 Ariz. 320 (Ariz. 1940).

"Damages will lie in proper case of negligent misrepresentation of failure to disclose." Van Buren v. Pima Community College Dist. Bd., 546 P.2d 821, 113 Ariz. 85 (Ariz.1976).

"Concealing a material fact when there is duty to disclose may be actionable fraud." Universal Inv. Co. v. Sahara Motor Inn, Inc., 619 P.2d 485, 127 Ariz. 213. (Ariz. App. 1980).

## Certificate of Service

I certify that a copy of the foregoing was mailed to Douglas R. Sargent, of Locke, Lord Bissell and Liddell, LLP, 111 South Wacker Drive, Chicago Illinois 60606. On or before this 18th, day of June 2008.

Floyd Shepherd,
8119 S. Artesian St.
Chicago, Illinois 60652
773-590-1873